CLD-107 **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3265
_____

IN RE: JAMES COPPEDGE
_____

On a Petition for Writ of Mandamus from the
District Court for the District of Delaware
(Related to Civ. No. 1:21-cv-01412)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 16, 2023
Before: GREENAWAY, JR., MATEY, and FREEMAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed May 31, 2023)
_____

OPINION[*]
_____

PER CURIAM

    In 2011, the Delaware Superior Court granted judgment in favor of U.S. Bank in a

foreclosure action against Petitioner James Coppedge. <u>See</u> <u>U.S. Bank Nat'l Ass'n v.</u>

<u>Coppedge</u>, No. CV K11L-02-042 RBY, 2015 WL 2209073, at *1 (Del. Super. Ct. May 5,

2015). Since then, Coppedge has repeatedly sought to challenge that judgment in both

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

state and federal court, to no avail.[1]  After the property at issue was sold at a sheriff's sale and Coppedge was notified to vacate the premises, he filed a "Motion to Dismiss" in the District Court.  That motion was docketed as a complaint and appeared to challenge the state court foreclosure judgment, as well as allege, inter alia, unlawful debt collection practices by defendants Orlans PC and SLS, LLC.  Coppedge sought to vacate the state court judgment of foreclosure and void the transfer of the property.  Relying in part on the Rooker-Feldman doctrine,[2] the District Court dismissed the action and denied Coppedge's motions for reconsideration.  Coppedge filed a notice of appeal,[3] and he now seeks mandamus relief.[4]

While his petition is far from a model of clarity, Coppedge appears to challenge the District Court's dismissal by objecting to the application and existence of the Rooker-Feldman doctrine.  In addition, Coppedge asks us to void the state court foreclosure

---

[1] See, inter alia, Coppedge v. U.S. Bank Nat'l Ass'n, 35 A.3d 418 (Del. 2011) (table); Coppedge v. U.S. Bank Nat'l Ass'n, 103 A.3d 514 (Del. 2014) (table); Coppedge v. Conway, Civ. Action No. 14-1477-GMS, 2015 WL 168839 (D. Del. Jan. 12, 2015); Coppedge v. U.S. Bank Nat'l Ass'n, 176 A.3d 122 (Del. 2017) (table).

[2] See Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923); D.C. Ct. of App. v. Feldman, 460 U.S. 462 (1983).

[3]  His appeal is pending at C.A. No. 22-2717.

[4] Coppedge also filed a previous petition for a writ of mandamus, petitioning this Court to direct the District Court to vacate its order dismissing the action and denying his various motions.  That petition was denied on January 6, 2023.  See C.A. No. 22-2867.

2

judgment against him and to cancel the transfer of property that resulted from the sheriff's sale.

"Mandamus provides a drastic remedy that a court should grant only in extraordinary circumstances in response to an act amounting to a judicial usurpation of power." In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005) (citation and internal quotation marks omitted). To justify the Court's use of this remedy, Coppedge must show a clear and indisputable right to the writ and that he has no other adequate means to obtain the relief desired. Haines v. Liggett Group Inc., 975 F.2d 81, 89 (3d Cir. 1992). Coppedge has not met this burden.

Notably, Coppedge's mandamus petition once again appears to challenge the District Court's decision (in fact, repeating issues that are the subject of his pending appeal), and mandamus is not a substitute for appeal. See In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003) ("If, in effect, an appeal will lie, mandamus will not."). To the extent that Coppedge seeks to have this Court vacate the state court judgment of foreclosure and void the sale of the subject property, we deny his request as we are generally without authority to issue a writ of mandamus to a state court, or otherwise compel a state actor to perform a state action. See In re Grand Jury Proceedings, 654 F.2d 268, 278 (3d Cir. 1981); In re Wolenski, 324 F.2d 309, 309 (3d Cir. 1963) (per curiam).

Accordingly, we will deny the mandamus petition.